# NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Stephen DRAGASITS, | Case No.: 24-cv-1257-AGS-SBC |
|---|---|
| Plaintiff, | |
| vs. | **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |
| Correctional Officers ARCHULETA, Messia, Garcia, Quijada and Saliewsky, | |
| Defendants. | |

Plaintiff Stephen Dragasits, an unrepresented state prisoner suing defendants for civil-rights violations under 42 U.S.C. § 1983, is seeking to proceed without prepaying the filing fee, known as proceeding "in forma pauperis." The motion to proceed IFP is granted, and this action is dismissed with leave to amend.

## MOTION TO PROCEED IFP

Anyone instituting a civil action in a district court of the United States must typically pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). Generally, a plaintiff must prepay the entire fee, but the IFP procedure permits the action to proceed despite a lack of prepayment. *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average

monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

Dragasits's prison certificate shows he had an average monthly balance of $0.02 and average monthly deposits of $0.00 for the six months preceding the filing of this action, and an available balance of $0.00. (ECF 2, at 5.) The Court grants Dragasits's motion to proceed IFP with no initial partial filing fee. The Secretary of the California Department of Corrections and Rehabilitation or his designee will collect and forward to the Clerk of Court the $350 filing-fee balance.

## SCREENING

The Court must screen and dismiss a complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from immune defendants. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2) screening); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b) screening). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (same for § 1915A screening). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (cleaned up).

A.     **Complaint's Allegations**

According to the complaint, on November 16, 2018, Dragasits had surgery on his right foot and was issued a walker and a disability vest that provided front-of-line privileges for chow. (ECF 1, at 4.) Eight days later, he cut into to the front of the chow line but was

told by defendant correctional officer Archuleta to walk all the way around the yard to the back of the line. (*Id*.) Dragasits instead sat down on his walker, removed his shoe, showed Archuleta the infected stitches in his foot, and explained he was suffering great pain and that his vest gave him front of line privileges. (*Id*.) Archuleta again told him to go to the back of the line, and then took his identification card and told him to wait. (*Id*.) Dragasits began to explain the situation to another defendant, correctional officer Quijada, while standing next to his walker putting his shoes and socks back on. (*Id*.) He was then tackled to the ground from behind while Quijada and other inmates watched. (*Id*.) Dragasits was face down on the concrete with Archuleta on his back, calling out an emergency code to summon other officers. (*Id*.) Defendant correctional officer Messia responded by hitting and kicking Dragasits in his left rib cage causing a compound fracture that protruded from his skin. (*Id*. at 4–5.)

Sometime after that incident, Dragasits was in the shower in administrative segregation when Messia and defendant correctional officer Garcia stepped on his head and smashed his face into the asphalt while Archuleta knelt on Dragasits's back preventing Dragasits from breathing, all while Quijada watched. (ECF 1, at 5.) At the subsequent disciplinary hearing, Dragasits accepted an offer to plead guilty to a lesser charge of behavior that might lead to violence, provided he waived Archuleta's presence. (*Id*.)

Dragasits claims Archuleta, Quijada, Messia, and Garcia violated the Eighth Amendment's ban on cruel and unusual punishment as well as the Americans with Disabilities Act by using (or failing to protect him from) excessive force while he was designated disabled and using a walker, all in deliberate indifference to his serious medical needs.. (ECF 1, at 6–9.) He alleges that other officers, such as defendant correctional officer Saliewsky, watched without intervening and are also liable. (*Id*. at 8.)

**B.     Eighth Amendment Claim**

The Eighth Amendment forbids prison officials from "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth

Amendment], the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).

Dragasits's allegations are sufficient to survive the "low threshold" of screening, at least with respect to an Eighth Amendment claim against defendants Archuleta and Messia premised on the first incident, who are alleged to have attacked him without justification. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ("Conditions must not involve the wanton and unnecessary infliction of pain.").

But Dragasits's allegations that defendants Quijada and Saliewsky watched without intervening, without more, fail to state a claim. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (allegations that a defendant caused a deprivation of a plaintiff's federal rights "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."); *Harper v. City of L.A.*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("[T]he plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").

Neither does the complaint state a claim based on the second incident alleging that Messia and Garcia stepped on Dragasits's head and smashed his face into the asphalt while Archuleta knelt on his back and Quijada watched. (ECF 1, at 5.) Unlike the first incident, there are no factual allegations placing the second incident in any context whatsoever necessary to plausibly show the "force was [not] applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a § 1983 claim).

C.  **ADA Claim**

Dragasits alleges the defendants' actions also violated the ADA because he is a

4

disabled person. (ECF 1 at 9.) To state a claim under the ADA, Dragasits must allege:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of (his) disability.

*O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007) (cleaned up).

The complaint fails to state an ADA claim because it fails to plausibly allege any action by any defendant was taken by reason of Dragasits's disability. The complaint also fails to state an ADA claim because only individual defendants are named. The "ADA applies only to public entities." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *see also Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [his] individual capacity to vindicate rights created by Title II of the ADA.").

Dragasits has also failed to plausibly allege he brought the ADA claim within the statute of limitations. The statute of limitations for an ADA claim is three years beginning after "the last events alleged in his complaint." *See Sharkey v. O'Neal*, 778 F.3d 767, 773 (9th Cir. 2015). Dragasits constructively filed his complaint on June 20, 2024, over five years after the events in the complaint. *See U.S. ex rel. Air Control Techs. v. Pre Con Indus.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (a claim may be dismissed as untimely "when the running of the statute (of limitations) is apparent on the face of the complaint.")

The ADA claim is dismissed under 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

## **DRAGASITS'S OPTIONS**

Because the Court has determined that Dragasits's Eighth Amendment claim against defendants Archuleta and Messia survives the screening process but his remaining claims against the remaining defendants do not, he may (1) notify the Court of his intent to proceed

only with the Eighth Amendment claims in the complaint against defendants Archuleta and Messia; or (2) file a first amended complaint that attempts to correct any or all of the deficiencies of pleading identified in this Order. **Dragasits must choose one of those options within forty-five (45) days from the date this Order is filed.** If Dragasits notifies the Court he wishes to proceed only with his claims against defendants Archuleta and Messia, the Court will issue an Order directing the Clerk to issue the summons as to those defendants and direct the U.S. Marshal to effect service of the summons and complaint on those defendants, and all other claims and defendants will remain dismissed. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## CONCLUSION

Accordingly, the Court:

1)    **GRANTS** Dragasits's motion to proceed IFP.

2)    **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Dragasits's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10. *See* 28 U.S.C. § 1915(b)(2).

3)    **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4)    **DISMISSES** all claims in the complaint for failure to state a claim except the Eighth Amendment claims against defendants Archuleta and Messia. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

5)    **GRANTS** Dragasits until **January 21, 2025**, in which to either (1) notify the Court of his intention to proceed with his Eighth Amendment claims against defendants

Archuleta and Messia only; or (2) file a first amended complaint that cures the deficiencies noted in this Order and is complete by itself without reference to any previous version of his complaint.

Dated:  December 4, 2024

_____
Hon. Andrew G. Schopler
United States District Judge