UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stephen DRAGASITS,<br><br>                              Plaintiff,<br><br>v.<br><br>Correctional Officer ARCHULETA, et al.,<br><br>                              Defendants. | Case No.:  24-cv-1257-AGS-SBC<br><br>**ORDER (1) GRANTING IN PART MOTION TO ADD DEFENDANT (ECF 39) AND (2) DENYING IN PART AND REFERRING IN PART MOTION TO COMPEL (ECF 40)** |

Unrepresented plaintiff Stephen Dragasits seeks, among other things, (1) leave to name one of the Doe defendants in his complaint (ECF 39), (2) reconsideration of a portion of this Court's screening order (ECF 40), and (3) discovery to assist him in finding two defendants for service (ECF 40). The request to name the Doe defendant is granted; the motion for discovery is referred to the magistrate judge; and all other requests are denied.

Regarding the Doe defendant, the Court notes that this years-old case is still in its functional infancy, yet it's apparent that plaintiff has been diligent in his efforts to identify the unnamed defendants. *See* Fed. R. Civ. P. 15(a)(2) (requiring that the "court should freely give leave" to amend a complaint "when justice so requires"). So, by **July 31, 2026**, Dragasits may file a third amended complaint updating *only* that Doe defendant's name to "M. Nieto" in the caption and in the body of the complaint, where appropriate. Once Dragasits has done so, the Clerk is directed to reissue summons and provide an updated service packet to Dragasits to serve the new complaint.

The request for discovery and to "compel the California Public Records Act (CPRA) Administrators to reveal pertinent information" to permit the service of summons is referred to the Magistrate Judge for ruling.

The request for reconsideration, buried in his "motion to compel," is denied. (*See* ECF 40, at 3–6.) First, that motion is untimely. Typically, a reconsideration motion must be filed within 28 days of the disputed order or ruling. *See* CivLR 7.1(i)(2) ("[A]ny motion

1

24-cv-1257-AGS-SBC

or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered."); *see also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Rule 60 has several longer timelines. But they are much more limited; none seem to apply on their face; and plaintiff has not explained how or under what section he seeks relief. *See, e.g.*, Fed. R. Civ. P. 60(b)(1)–(3) (requiring a showing of "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," or "fraud"). In any event, the Court has read through the cases cited by plaintiff, and none suggest that there has been an "intervening change in controlling law" or that the court "committed clear error." *See School Dist. No. IJ v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting out the standard to reconsider).

The remaining issues before this Court amount to appeals for legal advice. (*See, e.g.*, ECF 39, at 2 (requesting that "the court would help" him "separate two(2) complaints" to appeal a partial dismissal); ECF 40, at 1 (asking, about certain factual scenarios, "[i]s this a due process violation[?]").) As the Court has already explained, it "is forbidden from providing legal advice to the parties before it," and certainly cannot provide legal services to either side. (ECF 37.) Nonetheless, should plaintiff wish to pursue an appealable judgment on the Court's order dismissing less than all his claims, he should consult Federal Rule of Civil Procedure 54(b), and the cases interpreting it, to make the request.

Dated:  July 7, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

2

24-cv-1257-AGS-SBC