UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN DRAGASITS,<br>CDCR #AR 2176,<br><br>                              Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER<br>ARCHULETA, et al.,<br><br>                              Defendants. | Case No.:  24-cv-1257-AGS-SBC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**<br>**[DKT. NO. 40]** |

Presently before the Court is Plaintiff's motion to compel the production of information to assist him in locating Defendants Archuleta and Saliewsky for service of process, which was referred to the undersigned by the district judge. (Dkt. Nos. 40, 41.)

A prisoner proceeding pro se and in forma pauperis is entitled to rely on the United States Marshal Service ("USMS") for service of the summons and complaint, provided the plaintiff has furnished the information necessary to identify and serve the defendant. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). A litigant relying on the marshal for service must provide the information necessary to effect service and must "attempt to remedy any apparent service defects of which [he] has knowledge." *Id.* at 274–75.

///

24-cv-1257-AGS-SBC

Plaintiff's motion does not address whether Plaintiff has adequately attempted to remedy any apparent service defects of which he has knowledge. According to a prior filing, however, Plaintiff's research reflects that Defendants Archuleta and Saliewsky are no longer employed at the R.J. Donovan Correctional Facility, where the underlying events allegedly took place. (Dkt. No. 36 at 1.)

Assuming that Plaintiff's research is accurate, and as long as these defendants' forwarding addresses can be easily ascertained by reference to personnel records of the California Department of Corrections and Rehabilitation ("CDCR"), Plaintiff is entitled to rely on the USMS to effect service on these defendants on his behalf. *See Puett*, 912 F.2d at 275; *see also Davall v. Cordero*, Case No.: 3:20-cv-1968 JLS (KSC), 2021 WL 2206478, at *6 (S.D. Cal. June 1, 2021) (requiring Deputy Attorney General to obtain the forwarding address for a former CDCR employee defendant and provide the address to the USMS in a confidential memorandum); *Guerrero v. Moore*, Case No.: 20-cv-01315-GPC-BGS, 2021 WL 3370816, at *1 (S.D. Cal. Aug. 3, 2021) (directing the USMS to obtain the current address for a former employee defendant via a confidential memorandum from the CDCR).

Accordingly, Plaintiff's motion to compel is **GRANTED**, and the Court hereby **ORDERS** as follows:

1.   The CDCR shall provide any and all forwarding addresses for Defendants Archuleta and Saliewsky contained in its personnel files to the USMS in a confidential memorandum indicating that the summons and Plaintiff's Second Amended Complaint (Dkt. No. 30) are to be served upon these defendants at the addresses provided.

2.   The Clerk of the Court shall serve a copy of this Order electronically and by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

///

///

///

///

24-cv-1257-AGS-SBC

3.    The CDCR shall file a notice of compliance with this order by <u>July 24, 2026</u>.

**IT IS SO ORDERED.**

Dated:  July 10, 2026

_____
Hon. Steve B. Chu
United States Magistrate Judge

24-cv-1257-AGS-SBC