UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Stephen DRAGASITS,
Plaintiff,
v.
Correctional Officer ARCHULETA, et al.,
Defendants.

Case No.: 24-cv-1257-AGS-SBC

**ORDER DENYING MOTION (ECF 47) AND SUA SPONTE EXTENDING AMENDMENT DEADLINE**

In his most recent motion, unrepresented plaintiff Stephen Dragasits seeks three forms of relief, which are addressed in turn below.

First, he "[a]sks the district court to review the submitted documents [that] show [he] was timely in seeking an appeal." (ECF 47, at 2.) This Court previously denied Dragasits's motion to reconsider due to, among other things, its untimeliness. Dragasits now explains that his reconsideration motion was untimely because he did not know "the option for reconsideration was still on the table with the district court" at the time he appealed. (*Id.* at 3.) Given this context, he hopes that proof of his timely appeal will convince this Court to overlook his tardiness and reach the merits of his reconsideration motion. Yet, even if Dragasits's late filing were forgiven, this Court already rejected that motion on its merits as well. (*See* ECF 41, at 2 ("In any event, the Court has read through the cases cited by plaintiff, and none suggest that there has been an 'intervening change in controlling law' or that the court 'committed clear error.'").) As Dragasits's motion to review documents is in fact a repackaged motion for reconsideration, it is again denied.

Second, Dragasits "prays that the Court will grant the motion to use Federal R[ule of Civil Procedure] 54(b)" to enter a partial final judgment on already dismissed claims. (ECF 47, at 3.) The Court may "direct the entry of a final judgment" after dismissing less than all the claims in a suit only "if the court expressly determines that there is no just reason to delay." Fed. R. Civ. P. 54(b). To grant that relief, the Court must consider "such

factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units" as well as "equitable factors such as prejudice and delay." *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009). Dragasits does not address any of these factors, though, and the Court's own review of the record does not suggest that this case should proceed by piecemeal appeals. The Court declines the invitation to enter partial final judgment.

Finally, plaintiff requests "separation of the 8th Amendment violation from the plaintiff's attempt to hold stated defendants for violations of the 14th Amendment 'Due Process.'" (ECF 47, at 3.) Previously, at Dragasits's own request, his cases were consolidated because of the interrelatedness of the claims. (*See* ECF 9; ECF 10.) The only reason Dragasits offers for separating these claims—which were, again, joined at his urging—is that some have now been dismissed. Yet he provides no authority for severing claims merely due to an intervening (partial) dismissal. (*See generally* ECF 47.) This motion, too, is denied.

In sum, all the requests in Dragasits's latest motion are **DENIED**. Nonetheless, this Court will offer him some unrequested relief. In its last order, the Court set a deadline of July 31, 2026, for Dragasits to file his "third amended complaint updating *only*" the name of one of the Doe defendants. (*See* ECF 41, at 1.) That date has passed without a third amended complaint. Considering Dragasits's unrepresented status, the Court sua sponte extends that amendment deadline to **August 31, 2026**.

Dated: August 12, 2026

Hon. Andrew G. Schopler
United States District Judge